■ In the Matter of TERENCE BODDIE, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [740 NYS2d 247] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Keegan, J.), entered July 20, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner contends that the Board of Parole erred by failing to postpone his parole hearing in order to await a corrected version of his presentence report. Supreme Court properly dismissed the petition because, at the time petitioner commenced this proceeding, he had not yet exhausted his administrative remedies (*see, Matter of Howard v Travis*, 268 AD2d 832). The fact that he may have since perfected his administrative appeal does not absolve him of that requirement or validate the petition nunc pro tunc (*see, Matter of Whitehead v Russi*, 201 AD2d 825). In any event, were we to reach the merits, we would uphold the determination denying petitioner's request for parole. Nothing in the Board's decision indicates that in reaching its determination, the Board relied on the information that was later deleted from the presentence report (*see, Matter of Richburg v New York State Bd. of Parole*, 284

AD2d 685, *appeal dismissed and lv denied* 97 NY2d 636).
Rather, the Board was persuaded by the heinous nature of
petitioner's offenses and the fact that a weapon was involved.

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered
that the judgment is affirmed, without costs.