**Terence BODDIE, Petitioner,**

**v.**

**NEW YORK STATE DIVISION OF PAROLE, et al., Respondents.**

**No. 03 Civ. 2599(RWS).**

United States District Court, S.D. New York.

Sept. 30, 2003.

6. In light of the above dispositive holding, I reserve on defendants' other arguments as to the § 10b–5 claim.

---

Terence Boddie, Arthur-Kill Correctional Facility, Staten Island, NY, Petitioner, pro se.

Honorable Eliot Spitzer, Attorney General of the State of New York, Habeas Corpus Section, Criminal Division, New York, NY, By: Darian B. Taylor, Assistant Attorney General, for Respondents, of counsel.

*OPINION*

SWEET, District Judge.

Terence Boddie, who is currently incarcerated at the Arthur-Kill Correctional Facility, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his parole denial on November 8, 2000 violated his rights under both the New York Constitution and the U.S. Constitution. For the reasons set forth below, the petition is denied.

***Prior Proceedings***

A full account of Boddie's conviction, appeals, and post-conviction proceedings can be found at *Boddie v. N.Y.S. Div. of Parole,* No. 02 Civ. 8731, 2003 WL 22004837, (S.D.N.Y. Aug.22, 2003), familiarity with which is presumed. Boddie has been denied parole on three occasions. The following summary focuses on the second parole denial on November 8, 2000, which is the subject of the instant petition.

Boddie's conviction arose out of the sexual assault of a twenty-seven year-old woman in Manhattan on April 20, 1991. Boddie and his two co-defendants, Matthew Randall and Ronald Austin, detained the victim in a locked bedroom while Randall pointed a shotgun at her and order her to undress. Randall, Boddie, and Austin each forced the victim to perform oral sex. Boddie's co-defendants also raped and sodomized the victim while Boddie was present. After the victim was released, she went directly to the police. The victim identified all three men (a fourth man present in the bedroom was never apprehended), and they were placed under arrest.

Boddie was tried in New York County Supreme Court before a jury and was convicted of four counts of Rape in the First Degree, five counts of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. Boddie was

sentenced to a total indeterminate period of six to eighteen years incarceration. The Appellate Division affirmed the convictions and sentences on April 2, 1996, *see People v. Boddie,* 226 A.D.2d 120, 640 N.Y.S.2d 47 (1st Dep't 1996), and the New York Court of Appeals denied leave to appeal on August 13, 1996. *See People v. Boddie,* 88 N.Y.2d 980, 672 N.E.2d 613, 649 N.Y.S.2d 387 (N.Y.1996).

On November 17, 1998, Boddie appeared before the New York State Parole Board for his initial parole hearing. The Parole Board denied parole. The initial parole denial was the subject of a habeas petition before this Court which was dismissed on August 7, 2003. *See Boddie,* 2003 WL 22004837.[1] Boddie appeared before the Parole Board on November 8, 2000 for his second hearing. The Board again denied parole, finding based on a review of Boddie's entire record that "if released at this time there is a reasonable probability that you would not live and remain at liberty without violating the law and your release at this time is incompatible with the welfare and safety of the community."

In connection with his challenge to his initial parole denial, Boddie also moved to have his Pre-Sentencing Report and Inmate Status Report reviewed and expunged of factually inaccurate material. Justice Barbara Krapnick, on a default judgment, ordered the Parole Board to review their files and to determine whether Boddie's Pre-Sentencing Report required modification, in light of Boddie's allegation that it contained inaccurate information. *In the Matter of Boddie v. Dodds,* Index No. 404153/99 (Sup.Ct., N.Y.County, December 15, 1999). In response, the phrase "admitted guilt in the instant offense" was removed from the Pre-Sentencing Report. Boddie's Inmate Status Report was also modified to redact that portion which indicated that Boddie had smoked cocaine and wielded a shotgun.

Before filing an administrative appeal of the 2000 parole denial, Boddie filed an Article 78 petition in New York Supreme Court, Albany County, challenging the Parole Board's decision to deny him parole release in 2000. In his motion, Boddie contended that the Parole Board had acted inappropriately by failing to postpone his parole hearing until a corrected Pre-Sentence Report and Inmate Status Report were prepared, in light of Judge Krapnick's December 15, 1999 order. On May 3, 2001, Supreme Court Justice Thomas Keegan dismissed the petition on the ground that Boddie had failed to preserve the issue, having never raised the issue of his Pre-Sentencing Report or Inmate Report at his parole hearing; the court also noted that Boddie still had administrative remedies. *In the Matter of Boddie v. N.Y.S. Div. of Parole,* Index No. 7344-00, RJI No. 0100ST1478 (Sup.Ct., Albany County, May 3, 2001). This decision was affirmed on appeal on April 18, 2002 on the ground that Boddie had failed to exhaust his administrative remedies prior to submitting his Article 78 petition. *In the Matter of Boddie v. N.Y.S. Div. of Parole,* 293 A.D.2d 884, 740 N.Y.S.2d 247 (3d Dep't 2002).

Boddie filed a subsequent Article 78 petition in Albany County, seeking a copy of the transcript of his November 2000 parole hearing. Because Boddie received a copy of his transcript shortly thereafter, the petition was dismissed as moot by order dated September 4, 2001. *In the Matter*

1. The opinion dismissing Boddie's habeas petition in the previous action, No. 02 Civ. 8731, is dated August 22, 2003 because of a captioning error. The effective date of the dismissal remains August 7, 2003.

*of Boddie v. N.Y.S. Div. of Parole,* Index No. 2374–01, RJI No. 0101–ST1826 (Sup. Ct., Albany County, Sept. 4, 2001).

After exhausting his administrative remedies in regards to his 2000 parole hearing, Boddie filed yet another Article 78 petition in Albany County, challenging the Board's 2000 decision for a variety of reasons, including its consideration of the seriousness of his offenses, his youthful offender adjudication, and a disciplinary violation later reversed. Boddie again challenged the use of the uncorrected Pre–Sentence Report. Justice Bernard Malone denied the petition by order dated August 8, 2002, finding that "the transcript of the parole interview discloses that many of the statutory factors were discussed and the stated reasons for denial was the 'extremely heinous' nature of the crime and a belief that the petitioner would still pose a threat to society if not incarcerated." *In the Matter of Boddie v. N.Y.S. Div. of Parole,* Index No. 1567–02 (Sup.Ct., Albany County, August 8, 2002). The court found that the Board could properly consider the seriousness of the crime as well as Boddie's youthful offender adjudication in denying parole. *Id.* All the remaining contentions were found to be equally without merit, given the Board's appropriate use of the applicable statutory factors. *Id.*

Boddie appeared before the Parole Board a third time on January 14, 2003. The Board again denied parole, finding based on Boddie's record that "if released at this time there is a reasonable probability that you would not live and remain at liberty without violating the law and your release at this time is incompatible with the welfare and safety of the community."

The appellate court dismissed the appeal of the 2000 parole denial on June 12, 2003 on the grounds that Boddie had since appeared for another parole hearing in January 2003, rendering the appeal moot. *In the Matter of Boddie v. N.Y.S. Div. of Parole,* 306 A.D.2d 661, 759 N.Y.S.2d 910 (3d Dep't 2003).

Boddie timely filed the present habeas petition, *pro se,* on April 14, 2003, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after first exhausting his remedies in state court. In place of a formal petition for habeas corpus, Boddie submitted the brief he had previously filed on September 24, 2001 with the Appellate Division, Third Department when he appealed the denial of his Article 78 petition by Justice Keegan. Rather than answering the instant habeas petition directly, respondent New York State Division of Parole ("NYSDOP") elected to rely on the opposition papers it had filed in connection with Boddie's initial habeas petition. Boddie responded to NYSDOP's decision to rely on its previous briefs by letter dated June 8, 2003, at which time the motion was deemed fully submitted.

***Discussion***

Boddie argues that the denial of parole at the 2000 hearing deprived him of constitutional rights because (1) NYSDOP failed to postpone the hearing even though the Pre–Sentence Report which formed the basis for the parole summary was based upon false and inaccurate information; (2) the State court erred in determining that Boddie had failed to exhaust his administrative remedies; (3) the State court erred when it determined that the Parole Board did not rely on the false and inaccurate contained in the Pre–Sentence Report; and (4) the State Court erred in determining that a weapon was involved in Boddie's crime.

Respondent NYSDOP opposes the grant of a writ of habeas corpus. NYSDOP acknowledges that Boddie's petition is timely filed and that Boddie has exhausted the remedies available to him in State

court. But NYSDOP argues that because Boddie received a subsequent parole hearing in January 2003 at which he was denied parole, the challenges to his 2000 parole hearing are thereby rendered moot.

***Standard of Review***

In addressing the present motion, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (*quoting Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). Indeed, district courts should " 'read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (quotations omitted).

Boddie has submitted as his habeas petition the exact brief which he had submitted on his behalf on direct appeal to the Appellate Division and which was rejected by that court. In determining whether the Appellate Division properly rejected Boddie's arguments,[2] this Court is constrained by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] Under AEDPA, this Court must presume the state court's factual findings to be correct and may overturn those findings only if the petitioner offers clear and convincing evidence of their incorrectness. 28 U.S.C. § 2254(e). A state court adjudication may be overturned only if it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Clearly established Federal law" includes only holdings of Supreme Court decisions and does not include dicta. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A decision is contrary to clearly established Federal law if it "contradicts the governing law" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the Supreme Court. *Williams,* 529 U.S. at 405–06, 120 S.Ct. 1495. An unreasonable application of federal law is more than an incorrect application, but the petitioner need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable. *Williams,* 529 U.S. at 409–12, 120 S.Ct. 1495. Instead, a federal court should review a state court's interpretation of federal law using a standard of objective reasonableness. *Williams,* 529 U.S. at 409, 120 S.Ct. 1495. Objective unreasonableness includes an unreasonable refusal "to extend a clearly

2. Even if the Appellate Division did not explicitly consider every federal claim, its decision is nevertheless an adjudication on the merits. *Sellan v. Kuhlman,* 261 F.3d 303, 311–12 (2d Cir.2001).

3. Pub.L. 104–32, 110 Stat. 1214 (effective April 24, 1996), 28 U.S.C. §§ 2244–66.

established, Supreme Court defined, legal principle to situations which that principle should have, in reason, governed." *Kennaugh v. Miller,* 289 F.3d 36, 45 (2d Cir. 2002).

■ As an initial matter, Boddie incorrectly names NYSDOP as the respondent in this habeas action. The Second Circuit has held that "the Parole Board is not the 'custodian' of the prisoner, and therefore, in order to establish jurisdiction an action challenging parole procedures must be brought against the warden of the prison in which the petitioner is confined." *U.S. v. Rosenberg,* 108 F.Supp.2d 191, 201 (S.D.N.Y.2000) (*citing Billiteri v. United States Board of Parole,* 541 F.2d 938 (2d Cir.1976)). While both *Rosenberg* and *Billiteri* involved federal prisoners, the doctrine applies equally to state prisoners. Nevertheless, because Boddie is petitioning *pro se,* the petition will be treated as if Boddie had properly named the warden as respondent.

***NYSDOP's Mootness Argument Need Not Be Addressed***

Boddie challenges the procedures of his parole hearing in November 2000, as well as the decisions of the State court upholding the parole denial. As it did in moving to dismiss Boddie's initial habeas petition, NYSDOP argues that each of Boddie's claims are rendered moot by the subsequent parole hearings Boddie received in 2003. NYSDOP relies for its argument on *Rodriguez v. Greenfield,* No. 99 Civ. 0532, 2002 WL 48440, at *4 (S.D.N.Y. Jan.10, 2002) (holding that petitioner's challenge to his 1998 parole denial is "now academic" because he was denied parole again in 1999 and 2000).

■ In the reply brief filed in connection with his initial habeas petition, Boddie acknowledges that it is New York law that any challenge to a parole board hearing must be dismissed if petitioner is reconsidered for parole. *See Aviles v. Travis,* 282 A.D.2d 787, 722 N.Y.S.2d 436 (3d Dep't 2001); *Jhang v. Travis,* 285 A.D.2d 874, 727 N.Y.S.2d 361 (3d Dep't 2001). Boddie also notes that a New York State prisoner is entitled to another parole board hearing "not more than twenty-four months" following the denial of parole. N.Y. Exec. Law § 259–i(2)(a). Because of the amount of time the Parole Board is given to respond to administrative appeals, and the further time to file an Article 78 petition and appeal any adverse ruling, Boddie argues that by the time any challenge to a parole board hearing would make its way up to federal court, the petitioner would most likely be eligible for a new hearing, and the challenge rendered moot. He argues that any state relief is thereby rendered ineffective and functions to deny him due process. When interpreted in terms of the strongest arguments they suggest, Boddie is effectively claiming that for a federal court to repeat the dismissal of Boddie's challenge to his parole denial as moot would be to further deny him due process.

Boddie's argument has been raised before by petitioners seeking review of their parole board hearing who have not fully exhausted their state remedies, and who argue that the futility of state court review constitutes circumstances "that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii) (*quoted in Brown v. Thomas,* No. 02 Civ. 9257, 2003 WL 941940, at *1 (S.D.N.Y. March 10, 2003); *see also Washington v. Thomas,* No. 03 Civ. 363, 2003 WL 21262089, S.D.N.Y. May, 29, 2003); *Defino v. Thomas,* No. 02 Civ. 7413, 2003 WL 40502, at *3 (S.D.N.Y. Jan.2, 2003). Claims such as Boddie's have been called "potentially powerful." *Brown,* 2003 WL 941940 at *1, (*quoting*

*Defino,* 2003 WL 40502, at *3). However, this thorny issue need not be addressed here. As the *Brown* court observed, "in habeas corpus cases, potentially complex and difficult issues about the various obstacles to reaching the merits should not be allowed to obscure the fact that the underlying claims are totally without merit." 2003 WL 941940, at *1.

While the mootness issue will not be addressed, notice will be taken of the circumstances surrounding Boddie's 2003 parole denial. By the time that hearing was held, the erroneous information Boddie complains of in connection with the 2000 parole hearing had been corrected. Without deciding whether the bare fact of a subsequent parole denial is sufficient to render challenges to prior denials moot, the reasons articulated in the subsequent decision provided by NYSDOP are relevant in determining whether the board relied on the erroneous information in making its decision.

***The Use of the Uncorrected Pre-Sentence Report by the Parole Board Is Not a Denial of Due Process***

Boddie's four claims in his petition consist of one claim that he was denied due process when the Parole Board relied on an erroneous Pre-Sentence Report in making its decision, and claims that the State court erred three times in upholding that denial. Boddie alleges that the State court erred by (1) finding that Boddie had failed to exhaust his administrative remedies; (2) determining that the Board did not rely on the erroneous information in his Pre-Sentence Report; and (3) determining that a weapon was involved in Boddie's crime. Because it is found that no due process violation occurred and that the Board did not rely on the erroneous information, the remaining two claims will not be addressed, as their resolution is irrelevant to the disposition of Boddie's petition.

Due process challenges to parole denials in New York State face a difficult hurdle as the Second Circuit has held that "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and therefore a plaintiff has "no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." *Barna v. Travis,* 239 F.3d 169, 171 (2d Cir.2001). The Second Circuit based this holding on the fact that the "New York's parole provisions ... do not establish a scheme whereby parole shall be ordered unless specified conditions are found to exist ... No entitlement to release is created [by the parole provisions]." *Id.* (*quoting Boothe v. Hammock,* 605 F.2d 661, 664 (2d Cir.1979)). Instead, the parole provisions give the parole commissioners discretion to consider carefully the "circumstances of each individual case." *Id.* (quoting N.Y.C.R.R. § 8001.3(a)). This discretion is not unlimited, as the decisions of the parole board are structured by factors which must be considered. *See* N.Y. Exec. Law § 259-i(2)(c)(A) (listing five factors which shall be considered).

Boddie's liberty interest is therefore "limited to not being denied parole for arbitrary or impermissible reasons." *Brown,* 2003 WL 941940, at *1 (*citing Meachum v. Fano,* 427 U.S. 215, 226, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)). The Eleventh Circuit has held that even when a "parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole," a parole board nonetheless "may not engage in 'flagrant or unauthorized action'." *Monroe v. Thigpen,* 932 F.2d 1437, 1442 (11th Cir. 1991) (*quoting Thomas v. Sellers,* 691 F.2d 487, 489 (11th Cir.1982)). Parole may be denied based upon statutorily authorized consideration of an offender's background and the severity of his offense. *See Thurman v. Hodges,* 292 A.D.2d 872, 739

N.Y.S.2d 324 (4th Dep't 2002) (consideration of the serious and violent nature of petitioner's crimes comports with New York statutory parole scheme).

Boddie was not denied parole for arbitrary or impermissible reasons when the Parole Board rendered its decision without having received a corrected Pre-Sentence Report or Inmate Status Report. Reviewing the transcript of the parole hearing and the Parole Board's decision demonstrates the correctness of Justice Malone's finding that:

> many of the statutory factors were discussed and the stated reason for denial was the "extremely heinous" nature of the crime and a belief that the petitioner would still pose a threat to society if not incarcerated.... The minor change made in petitioner's pre-sentence report is not a basis for overturning the denial of parole.

*In the Matter of Boddie v. N.Y.S. Div. of Parole,* Index No. 1567–02 (Sup.Ct., Albany County, August 8, 2002), at 1–2. The fact that the Board's decision incorrectly states that "you and your co-defendant pointed a shotgun at the victim," is also insufficient to reverse the Board's decision.[4] New York law holds that parole decisions that accord with applicable statutory requirements will not be overturned judicially absent a showing that the parole denial "exhibits 'irrationality bordering on impropriety.'" *Bramble v. N.Y.S. Board of Parole,* 307 A.D.2d 463, 761 N.Y.S.2d 544 (3d Dep't.2003) (*quoting Matter of Silmon v. Travis,* 95 N.Y.2d 470, 476, 718 N.Y.S.2d 704, 741 N.E.2d 501 (N.Y.2000)). The New York decision accords with due process. Further, the decision of the Parole Board was in no way irrational.

The 2003 decision of the Parole Board to deny release to Boddie lends additional support to the appropriateness of the 2000 denial. It also provides strong evidence that the Parole Board did not rely on the erroneous information contained in the report or that if the Board did take any inaccurate information into account, release on parole would have nevertheless been denied. The 2003 decision was based on the crimes for which Boddie was imprisoned. The Board also stated to Boddie that release was denied because:

> you, in concert, forcibly and violently brutalized your victim, including raping and sodomizing her repeatedly. Your programming and clean disciplinary record since your last Board appearance have been considered. Discretionary release is inappropriate due to the vicious and violent nature of the instant offense, the vulnerability of the victim and your obvious willingness to place your self-gratification above the interests of society.

Parole Board Decision, dated January 2003. The Board's decision reflects its consideration of the statutory factors, *see* N.Y. Executive Law § 259–i(2)(c)(A) (listing factors), and confirms that the State court was correct in upholding the 2000 denial.

***Conclusion***

Each of Boddie's claims have been considered and dismissed as lacking merit. Boddie has shown no violation of his constitutional rights in the Parole Board's decision to deny him release. His petition for a writ of habeas corpus is therefore

4. The Appellate Division did not base its decision on the erroneous assumption that Boddie had pointed a shotgun at the victim. It stated that "the Board was persuaded by the heinous nature of petitioner's offenses and the fact that a weapon was involved". *Matter of Terence Boddie,* 293 A.D.2d at 885, 740 N.Y.S.2d 247. Even if Boddie did not point the shotgun himself, a weapon was involved in his offenses.

denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y.S. Div. of Parole,* 209 F.3d 107, 111–113 (2d Cir.2000).

It is so ordered.