Jorge Castro MAISONET, Plaintiff,

v.

METROPOLITAN HOSPITAL AND
HEALTH HOSPITAL CORPO-
RATION, Defendant.

No. 08 Civ. 10668(VM).

United States District Court,
S.D. New York.

July 29, 2009.

Jorge Castro Maisonet, New York, NY, pro se.

Andre Leon Lindsay, New York City Law Department, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Jorge Castro Maisonet ("Maisonet") brought this action against his former employer, Metropolitan Hospital Center ("MHC") and the New York City Health and Hospitals Corporation (collectively, "Defendants")[1], alleging that Defendants discriminated against him on the basis of his race and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17, and the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12112 to 12117. Maisonet also alleges that Defendants retaliated against him for filing complaints regarding co-workers with the Office of Labor Relations ("Labor Relations") at MHC, in violation of Title VII. Defendants moved to

---

1. Defendants inform the Court that Maisonet incorrectly identified defendant New York City Health and Hospitals Corporation as "Health Hospital Corporation." However, given Maisonet's pro se status, the Court treats Maisonet's complaint as if he properly had named New York City Health and Hospitals Corporation as a defendant.

dismiss Maisonet's complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In the alternative, Defendants moved for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e) ("Rule 12(e)"). For the reasons stated below, Defendants' motion to dismiss is GRANTED and Maisonet is granted leave to replead.

## I. BACKGROUND [2]

Maisonet worked for over ten years as a housekeeping aide at MHC. After a series of incidents beginning in 2007, Maisonet filed a complaint, dated February 11, 2008, with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful employment discrimination by both Defendants and Maisonet's union. On August 4, 2008, the EEOC issued a Dismissal and Notice of Rights, dismissing the charges under Title VII and the ADA and informing Maisonet of his right to file suit against Defendants in federal court within ninety days.

Maisonet filed his Complaint with the Court's Pro Se Office on a form provided to pro se litigants seeking to sue their employer for discriminatory conduct. In it, Maisonet alleges racial discrimination under Title VII and disability discrimination and failure to accommodate his disability under the ADA. Maisonet further alleges that Defendants retaliated against him for his filing complaints with Labor Relations at MHC. Maisonet attached approximately 100 pages of additional documents to the form complaint, including psychological evaluations that diagnose Maisonet with a bipolar disorder and depression; and handwritten letters to the EEOC, dated from May 2007 to August 2008, which describe ongoing disputes between Maisonet and various former co-workers.

Defendants filed a pre-answer motion to dismiss the Complaint under Rule 12(b)(6). Defendants argue that both the Complaint and the Attachments filed with it fail to articulate any legal claims or factual allegations upon which relief can be granted.

## II. DISCUSSION

### A. LEGAL STANDARD

As an initial matter, the Court notes that Maisonet is proceeding pro se, and accordingly his submissions "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation marks omitted). The Court, moreover, must liberally construe Maisonet's pro se pleadings and interpret them "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999)

---

**2.** The summary below derives from Maisonet's complaint, dated November 5, 2008 ("Complaint"), and the documents attached thereto or incorporated by-reference therein. For ease of reference, Defendants included the Complaint's exhibits as Exhibit A to the Declaration of Andre L. Lindsay in Support of Defendants' Motion to Dismiss, dated May 29, 2009 ("Lindsay Decl."). The Court will refer to Exhibit A ("Attachments") when referring to the exhibits to the Complaint, as this copy is page-numbered. In evaluating a motion to dismiss pursuant to Rule 12(b)(6),

a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading. *See Stuto v. Fleishman*, 164 F.3d 820, 826 n. 1 (2d cir.1999). The Court accepts all well-pleaded facts in the Complaint as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir. 2008). Except where specifically referenced, no further citation to these sources will be made.

*(quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). This guidance applies with particular force when a plaintiff's civil rights are at issue. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *see also Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999). Pro se status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. New York State Div. of Parole,* 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) *(quoting Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The statement should be plain because the principal function of pleadings under the Federal Rules of Civil Procedure is to provide the adverse party with fair notice of the claim asserted so as to enable him or her to answer and prepare for trial. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988).

While the pleading standard does not require "detailed factual allegations, . . . [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In order "to state a claim for relief that is plausible on its face," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted). In other words, to survive a Rule

12(b)(6) motion to dismiss, a plaintiff's factual allegations must be at least "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

## B. *APPLICATION*

Based on the Court's assessment of the Complaint, the Court considers Maisonet to be asserting four claims of employment discrimination, namely, that Defendants: (1) discriminated against Maisonet based on race, in violation of Title VII; (2) unlawfully retaliated against Maisonet for lodging complaints of harassment with Labor Relations, in violation of Title VII; and (3) discriminated against Maisonet on the basis of his disability, in violation of the ADA; and (4) failed to accommodate Maisonet's disability, in violation of the ADA.[3] For the following reasons, the Court finds that the Complaint fails to state a sufficient claim under either Title VII or the ADA, and must be dismissed.

### 1. *Racial Discrimination Under Title VII*

To establish a Title VII claim of racial discrimination, Maisonet must demonstrate that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) that action occurred under circumstances giving rise to an inference of discriminatory intent. *See Terry v. Ashcroft,* 336 F.3d 128, 138 (2d Cir.2003) *(citing Collins v. New York City Transit Auth.,* 305 F.3d 113, 118 (2d Cir.2002)). A complaint consisting only of assertions and setting forth no specific facts upon which a court could find a plausible violation of Title VII must be dis-

---

**3.** In the Complaint, Maisonet also indicated that Defendants engaged in discriminatory conduct based on Maisonet's "criminal background histore [sic]." (Complaint § II(A).)

Other than this vague allegation, the Court finds no detailed factual allegations amidst the Attachments to support this claim, and therefore will not consider it.

missed for failure to state a claim. *See Yusuf v. Vassar College,* 35 F.3d 709, 713 (2d Cir.1994).

■ Maisonet fails to allege a plausible claim of racial discrimination under Title VII. First, the Complaint makes no mention of Maisonet's race. In his EEOC charge Maisonet identifies himself as Puerto Rican; however, even if Maisonet intended to claim discrimination based on his national origin, neither his EEOC charge nor the Complaint contain factual allegations that Maisonet suffered discrimination because of his Puerto Rican heritage. Instead, the Complaint alleges that Defendants discriminated against Maisonet based on his race by "[a] cussing [sic] me of bias crime that I called them the N word," (Complaint § II(D)), in retaliation for complaints he made to Labor Relations. Although the alleged accusation against Maisonet contains a racial component, the circumstances do not give rise to an inference of discriminatory intent against Maisonet based on his race. While Maisonet's letters to the EEOC, attached to his Complaint, are replete with allegations of harassment against him and his daughters by other hospital workers, there is nothing in these letters to indicate that such harassment was motivated by discriminatory animus based on Maisonet's race.

Furthermore, even if the Court could infer such discriminatory intent, Maisonet's allegations of harassment by fellow employees do not rise to the level of an "adverse employment action" under Title VII, which must entail a "materially adverse change in the terms and conditions of employment." *Patane v. Clark,* 508 F.3d 106, 112 (2d Cir.2007) (internal quotation marks and citations omitted). Such an action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry,* 336 F.3d at 138 (citations omitted). Examples of materially adverse changes include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation." *Id.* (internal quotation marks and citations omitted). Even if Maisonet's allegations of harassment and disrespect toward him and his daughters are true, they do not constitute an adverse employment action under Title VII. Accordingly, because Maisonet fails to allege his membership in a particular protected class based on race and fails to allege a materially adverse action occurring under circumstances from which the Court can reasonably infer discriminatory intent based on race, Maisonet's claim of racial discrimination under Title VII must be dismissed.

2. *Retaliation Claim*

■ Under Title VII, it is unlawful for an employer to discriminate against an employee "because he opposed any practice made an unlawful employment practice by [the Act], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a) (1994). To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts which tend to show that: (1) he was engaged in an activity protected under Title VII; (2) defendants were aware of his participation in the protected activity; (3) defendants took adverse action against him; and (4) a causal connection existed between the protected activity and the adverse action. *See Mack v. Otis Elevator Co.,* 326 F.3d 116, 129 (2d Cir.2003).

■ With respect to his retaliation claim, Maisonet alleges that MHC hospital

employees and members from his union were

> meeting somewhere in the building planing and signing a petition against me that on the date of 8–20–07 in the argument i had with K. Bacchus that i called them the "N" word and this is not true this was a lie, is a lie retaliating against me because i wrote with my 10y [sic] old daughter, K. Bacchus for sexual harrasment [sic] toward my 10y [sic] old . . .[.]

(Attachments at 45–46.)

Maisonet's allegation, even when construed liberally, does not substantiate a plausible retaliation claim. The filing of a complaint on behalf of his daughter, not employed by MHC, alleging sexual harassment by co-workers, does not constitute a protected activity under Title VII. Furthermore, even if Defendants' alleged actions were propelled by a retaliatory animus, the Court is not persuaded that the alleged agreement to sign a petition against Maisonet constitutes a materially adverse employment action sufficient to state a retaliation claim.

Neither the Complaint nor the Attachments contain factual allegations to support the necessary elements of a retaliation claim under Title VII. Accordingly, the Court must dismiss Maisonet's claim on these grounds.

### 3. ADA Claims

The Complaint refers to two claims pursuant to the ADA: that (1) Defendants failed to accommodate Maisonet's disability, and (2) Defendants discriminated against Maisonet based on his disability. The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To state a sufficient claim for employment discrimination under the ADA, Maisonet must show that: (1) MHC is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. See Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir.2004).

The Court notes that the Complaint indicates that Defendants' discriminatory conduct included "[f]ailure to accommodate my disability." (Complaint § 2(A).) The remainder of Maisonet's Complaint, however, provides no factual allegations relating to a failure on the part of either MHC or its staff to provide reasonable accommodation for Maisonet's alleged disability. Therefore, the Court must dismiss Maisonet's claim that Defendants violated the ADA by failing to make reasonable accommodations for his disability.

Although Maisonet provides evidence that he has been diagnosed with a psychological disorder, the Attachments indicate that this condition rendered Maisonet unable to fulfill his occupational duties. A preliminary psychological evaluation, dated July 17, 2008, expressly states that "[Maisonet] cannot return to work at this time because of a psychiatric disability." (Attachments at 18.) The attached medical documents, in fact, indicate that Maisonet's psychological condition prevented him from working.

Furthermore, Maisonet alleges no set of facts to demonstrate that he suffered an adverse employment action because of his disability. While Maisonet is no longer employed at MHC, the Complaint does not allege that his employment was terminated or that he suffered any discrimination because of his psychological condition. Therefore, the Court finds that the Com-

plaint fails to state a claim of employment discrimination under the ADA and must dismiss the ADA claims accordingly.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 11) of defendants Metropolitan Hospital Center and New York City Health and Hospitals Corporation to dismiss the complaint is GRANTED; and it is further

**ORDERED** that plaintiff Jorge Castro Maisonet shall have leave to file, within thirty (30) business days of the date of this Order, an amended complaint repleading the claims in accordance with the discussion in this Decision.

The Clerk of the Court is directed withdraw any pending motions and to close this case.

**SO ORDERED.**