■ In the Matter of BRUCE CANNON, Appellant, v BRION TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [703 NYS2d 313] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 24, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent imposing a delinquent time assessment against petitioner.

Petitioner commenced this CPLR article 78 proceeding on July 17, 1998 to challenge a determination dated March 6, 1998, which imposed a time assessment against petitioner to his maximum expiration date after having found petitioner guilty of violating certain conditions of his parole release. Respondent, rather than interpose an answer, moved to dismiss the proceeding as untimely commenced. Supreme Court denied this motion and directed respondent to file an answer within 20 days of that decision. Respondent then requested an extension of time to file. Supreme Court granted an extension until January 4, 1999. Petitioner thereafter moved to strike any answer by respondent as untimely. Subsequently respondent timely answered. On February 24, 1999, Supreme Court dismissed the petition on its merits, finding that the determination to hold petitioner until the expiration of his maximum sentence was not improper. Petitioner now appeals contending that granting respondent an extension in its time to answer denied him due process.

We affirm. Inasmuch as respondent requested an extension of time to file an answer within the original time provided for filing, we do not find that Supreme Court acted improvidently in granting an extension (*see, Matter of Allah v Goord*, 252 AD2d 615). Furthermore, the granting of this extension did not violate petitioner's due process rights. We have considered petitioner's remaining contentions and find them to be unavailing.

Mercure, J. P., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.