*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    521086
_____

In the Matter of DANIEL
    WILLIAMS,
                        Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Devine, JJ.

                        _____

        Daniel Williams, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with
possession of gang-related material after a search of his
property uncovered numerous pictures depicting people displaying
hand signs associated with a gang.  Following a tier III
disciplinary hearing, petitioner was found guilty of that charge.
The determination was affirmed upon administrative appeal and
this CPLR article 78 proceeding ensued.

The misbehavior report, photographs and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Madison v Fischer, 108 AD3d 959, 960 [2013]; Matter of Glover v Fischer, 68 AD3d 1404, 1404 [2009]). Any challenge to the chain of custody of the confiscated pictures is irrelevant as petitioner did not deny that the pictures were his or allege that they had been altered. Furthermore, we have reviewed petitioner's contention that his employee assistant had a conflict of interest and find it to be unpersuasive.

Nevertheless, respondent concedes, and our review of the record confirms, that the Hearing Officer improperly denied petitioner's request to call two witnesses, who were correctional facility staff trained at identifying gang-related materials, to support his claim that the pictures did not depict any gang-related signs. As petitioner sought such testimony in order to refute a correction officer's testimony that the gestures in the pictures depict gang signs, the Hearing Officer erred in finding that such testimony would be redundant. Given that the Hearing Officer put forth a good faith reason for the denial, this violated petitioner's regulatory right to call witnesses and the proper remedy is to remit the matter for a new hearing (see Matter of Lopez v Fischer, 100 AD3d 1069, 1070 [2012]; Matter of Santiago v Fischer, 76 AD3d 1127, 1127 [2010]). In view of the foregoing, it is unnecessary to consider petitioner's remaining contentions.

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court