Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A correction officer witnessed two inmates engaged in a fight in the mess hall. When the officer attempted to intervene, petitioner allegedly stood up from his seat and aggressively tried to block the officer from responding. Petitioner purportedly refused the officer’s orders to sit down, at which point the officer pushed him out of the way. As a result of this incident, in 2015, petitioner was charged in a misbehavior report with engaging in violent conduct, refusing a direct order and interfering with an employee. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.*
Among petitioner’s many contentions is that he was improperly denied his right to call certain witnesses at the hearing. Notably, his defense that he did not act in the manner alleged *1323 in the misbehavior report was very much dependent on the testimony of witnesses, correction officers and inmates alike, who were present in the mess hall and who may have observed his actions. In this regard, petitioner asserts that he was improperly denied the right to call the correction officer who was stationed in the gas booth overseeing the mess hall at the time of the incident. The Hearing Officer denied this witness on the basis that “the staff in the gas booth have the entire messhalls ... to watch and would not be expected to know the details of each incident.” Petitioner objected, stating at the hearing that “the guy in the gas booth would be able to honestly see this incident and give the perfect testimony ... of what transpired because he’s the guy that controls the gas and if it was a bigger incident tha[n] what it was he’d have to drop the gas.” Respondent concedes and we agree that the Hearing Officer erred in denying this witness inasmuch as he may have made observations helpful to petitioner’s defense, particularly given the lack of evidence indicating that gas was, in fact, dispensed in response to the incident.
Respondent, however, urges that remittal for a new hearing is the appropriate remedy. Under the particular circumstances presented here, we disagree. Although the Hearing Officer articulated a reason for the denial, the legitimacy of that reason is suspect given that the gas booth officer was in the mess hall for the very purpose of watching the activities of the inmates and responding to problems. There is no support in the record for the Hearing Officer’s baseless conclusion that the officer on duty did not have knowledge of the incident involving petitioner. In light of this, and considering the significant passage of time since the incident and the fact that petitioner has already served the penalty, we are of the view that the equitable remedy is annulment and expungement of the disciplinary determination (see Matter of Maier v Coughlin, 193 AD2d 1015, 1016 [1993]; Matter of Williams v Coughlin, 145 AD2d 771, 773 [1988]; Matter of Allah v LeFevre, 132 AD2d 293, 295 [1987]; Matter of Cunningham v LeFevre, 130 AD2d 809, 810 [1987]). Given our disposition, we need not address petitioner’s remaining claims.
McCarthy, J.R, Egan Jr., Rose, Clark and Aarons, JJ., concur.
Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner’s institutional record and to restore any loss of good time.

 Although the verified petition does not raise the issue of substantial evidence and, therefore, the proceeding was improperly transferred to this Court, we shall retain jurisdiction in the interest of judicial economy (see Matter of Johnson v Annucci, 141 AD3d 996, 997 n [2016], lv denied 28 NY3d 901 [2016]).