Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in three misbehavior reports with violating various prison disciplinary rules. The first misbehavior report charged him with violating urinalysis testing procedures by refusing to submit a urine sample. The second misbehavior report charged petitioner with refusing a direct order, possessing narcotics, smuggling and committing an unhygienic act. According to that misbehavior report, petitioner was observed by a correction officer during a one-on-one contraband watch pulling a blue balloon out of his rectum. Petitioner tore open the balloon and forced some of its contents down a floor drain. He was then observed licking his hands clean and swallowing the balloon. The correction officer thereafter recovered a green and brown leafy substance from both the floor and the drain that later tested positive for amphetamines and was determined to be synthetic marihuana. In the third misbehavior report, petitioner was charged with refusing a direct order and committing an unhygienic act after he defecated on the floor during the one-on-one contraband watch. Following a combined tier III disciplinary hearing, petitioner was found not guilty of violating urinalysis testing procedures, as charged in the first misbehavior report, and refusing a direct order, as charged in the third misbehavior report, but guilty of the remaining charges. The determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
 

 Initially, petitioner abandoned any challenges to the finding of guilt with respect to the smuggling charge and the charge of committing an unhygienic act in the second misbehavior report by failing to raise the issues in his brief (see Matter of Mays v Cunningham, 140 AD3d 1511, 1512 [2016]; Matter of Carter v Fischer, 117 AD3d 1262, 1262 [2014]). Further, we reject his contention that petitioner was improperly removed from the hearing, as the record reflects that he failed to comply with the Hearing Officer’s repeated warnings to stop interrupting him or he would be removed (see Matter of Steward v Fischer, 95 AD3d 1523, 1524 [2012]; Matter of Pitts v Fischer, 54 AD3d 477, 477 [2008]).
 

 Respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of refusing a direct order as charged in the second misbehavior report. Accordingly, we annul that part of the determination. Given that a loss of good time was imposed, the matter must be remitted to the Commissioner of Corrections and Community Supervision for a redetermination of the penalty on the remaining violations (see Matter of Davis v Annucci, 140 AD3d 1432, 1433 [2016], appeal dismissed 28 NY3d 1109 [2016]).
 

 Petitioner also argues that he was improperly denied two witnesses regarding the charge of possessing narcotics. An inmate has the conditional right to call witnesses at a disciplinary hearing “so long as their testimony is material and not redundant and does not jeopardize institutional safety or correctional goals” (Matter of Doleman v Prack, 145 AD3d 1289, 1289 [2016]; see Matter of Cortorreal v Annucci, 28 NY3d 54, 58 [2016]; Matter of Barnes v Prack, 87 AD3d 1251, 1252 [2011]). Petitioner argued at the hearing that the alleged contraband was tobacco that falsely tested positive for narcotics or that it tested positive for narcotics because it was cross-contaminated by amphetamines that were already present in the contraband watch room drain.
 

 Petitioner’s claim that the alleged contraband was tobacco that falsely tested positive for narcotics was refuted by the testimony of a correction officer trained to conduct the drug test that tobacco could not test positive for amphetamines. The Hearing Officer properly found that testimony of a representative from the manufacturer of the drug test would be redundant to the correction officer’s testimony.
 

 Petitioner’s claim that the contraband sample could have been cross-contaminated was refuted by a correction officer’s testimony that the watch rooms, including the floor drains, are searched by facility staff for contraband prior to placing any inmates in the rooms. Petitioner also requested that a maintenance staff employee testify as to if and when the drains are searched and cleaned and also requested that a representative from the manufacturer of the drug test testify as to whether the sample that was tested could have been cross-contaminated if it had been exposed to narcotics located in the drain. The Hearing Officer denied petitioner’s request, finding that the testimony would be redundant to the correction officer’s testimony. Inasmuch as petitioner requested testimony from a maintenance staff employee to refute the correction officer’s testimony as to the procedures followed by facility staff regarding the watch room drains, the testimony would not be redundant and the witness was improperly denied (see Matter of Williams v Annucci, 137 AD3d 1355, 1356 [2016], lv denied 27 NY3d 908 [2016]; Matter of Santiago v Fischer, 76 AD3d 1127, 1127 [2010]). As to petitioner’s request that a representative from the manufacturer of the drug test testify as to whether the sample could have been cross-contaminated if it had been exposed to narcotics located in the drain, such testimony would be irrelevant and immaterial because the representative would have no personal knowledge regarding whether the drains were searched and cleaned before petitioner discarded the alleged contraband in the floor drain. Further, any testimony by the representative of the manufacturer of the drug test confirming that the presence of more than one substance in a sample could affect the test results would be redundant. Thus, the Hearing Officer properly denied petitioner’s request for a witness from the manufacturer of the drug test. Inasmuch as the Hearing Officer provided good faith reasons for denying the maintenance staff employee witness, petitioner’s regulatory right to call witnesses was violated and the proper remedy is to remit the matter for a new hearing on this charge (see Matter of Williams v Annucci, 137 AD3d at 1356; Matter of Santiago v Fischer, 76 AD3d at 1127).
 
 *
 

 With regard to the remaining charge of committing an unhygienic act, as charged in the third misbehavior report, the report and related documentation provide substantial evidence supporting the determination of guilt (see Matter of Starling v New York State Dept. of Corr. & Community Supervision, 123 AD3d 1195, 1196 [2014]; Matter of Robinson v Annucci, 122 AD3d 981, 982 [2014]). Petitioner’s contention that he was improperly denied a witness regarding this charge is unpersuasive as he acknowledged that the requested witness could not have seen into the contraband watch room and petitioner only offered speculation as to what information that witness could provide (see Matter of Bouton v Annucci, 145 AD3d 1219, 1220-1221 [2016]; Matter of Hughes v Bezio, 84 AD3d 1598, 1598 [2011]). Petitioner’s remaining contentions, to the extent that they are properly before us, have been rendered academic or considered and found to be without merit.
 

 McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and possessing narcotics; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to the charge of refusing a direct order from petitioner’s institutional record, and matter remitted to the Commissioner for a redetermination of the penalty on the remaining violations and for a new hearing on the charge of possessing narcotics; and, as so modified, confirmed.
 

 *
 

 Petitioner’s challenges to the foundation of the drug test results are unpreserved for our review, inasmuch as he failed to raise them at his hearing (see Matter of Monje v Geoghegan, 108 AD3d 957, 957-958 [2013]; Matter of Ortiz v Fischer, 64 AD3d 1111, 1112 [2009]).