Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
 

 Petitioner was charged in a misbehavior report with using a controlled substances after his urine twice tested positive for the presence of marihuana. Following a tier III disciplinary hearing, petitioner was found guilty and that determination was affirmed on administrative appeal with a modification to the penalty. This CPLR article 78 proceeding ensued.
 

 Petitioner contends that he was improperly denied the right to call a witness. We agree. “[A]n ‘inmate may call witnesses on his [or her] behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals’ ” (Matter of Cortorreal v Annucci, 28 NY3d 54, 58 [2016], quoting 7 NYCRR 254.5 [a]; see Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1472 [2017]). Here, petitioner requested as a witness a representative from the manufacturer of the drug testing machine in order to refute the testimony of the correction officer who performed the urinalysis test regarding the operating procedures used to calibrate the machine. The Hearing Officer, in denying petitioner’s request, found that the representative’s testimony would necessarily be redundant to that offered by the correction officer. Upon our review of the record, however, it is unclear as to whether the correction officer’s testimony regarding how the machine was calibrated was in accord with or was a departure from the recommendations in the manufacturer’s procedural manual.
 
 *
 
 Under such circumstances, we find an insufficient basis in the record to support the Hearing Officer’s conclusion that the testimony of the manufacturer’s representative would be redundant (see Matter of Medina v Five Points Corr. Facility, 153 AD3d at 1472; Matter of Vidal v Annucci, 149 AD3d 1366, 1368 [2017]; Matter of Williams v Annucci, 137 AD3d 1355, 1356 [2016], lv denied 27 NY3d 908 [2016]). Inasmuch as the Hearing Officer articulated a good faith reason for denying a manufacturer’s representative as a witness, we find that petitioner’s regulatory right to call a witness was violated and the proper remedy is remittal for a new hearing (see Matter of Allaway v Track, 139 AD3d 1203, 1205 [2016]; Matter of Payton v Annucci, 139 AD3d 1223, 1223-1224 [2016]). In view of this, we do not need to address petitioner’s remaining contentions.
 

 McCarthy, J.P., Garry, Rose, Aarons and Rumsey, JJ., concur.
 

 Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.
 

 *
 

 7 NYCRR 1020.4 (f) (1) (iii) states that “[t]he individual performing the urinalysis testing . . . shall precisely follow procedures recommended by the manufacturer for the operation of the testing apparatus.”