■ In the Matter of ANTHONY MEDINA, Appellant, v A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [63 NYS3d 264]—

Appeal from a judgment of the Supreme Court (Schick, J.), entered November 3, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During the course of a conversation with a sign language translator in a facility resource room, petitioner became agitated, raised his voice at the translator, threatened to slap someone in the classroom and ultimately slapped another inmate, after which petitioner began yelling at other inmates in the same area. As a result of this incident, petitioner was charged in a misbehavior report with assaulting another inmate, engaging in violent conduct, creating a disturbance and harassing an employee. Following a tier III disciplinary hearing, he was found guilty as charged. That determination was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal followed.

We affirm. At a disciplinary hearing, an inmate has the conditional right to call witnesses "so long as their testimony is material and not redundant and does not jeopardize institutional safety or correctional goals" (*Matter of Medina v Five Points Corr. Facility*, 153 AD3d 1471, 1472 [2017] [internal quotation marks and citation omitted]; *see Matter of Cortorreal v Annucci*, 28 NY3d 54, 58 [2016]; *Matter of Doleman v Prack*, 145 AD3d 1289, 1289 [2016]; 7 NYCRR 254.5 [a]). While petitioner requested testimony from a rehabilitation counselor and special investigator to corroborate his contention that the misbehavior report was retaliatory, these witnesses neither observed nor had first-hand knowledge of the incident (*see*

*Canalas Sanchez v Annucci,* 126 AD3d 1194, 1195 [2015]; *Matter of Hinton v Fischer,* 108 AD3d 1000, 1002 [2013]), and any such testimony would have been redundant as petitioner had already provided detailed testimony in support of his retaliation claim (*see Matter of Rafi v Venettozzi,* 120 AD3d 1481, 1482 [2014]; *Matter of Mena v Bedard,* 117 AD3d 1275, 1275 [2014]). Inasmuch as there was no dispute at the hearing that petitioner was legally blind and that he had not been wearing his contact lenses during the incident, the Hearing Officer properly declined petitioner's request to call the nurse practitioner, nurse administrator and an ophthalmologist as witnesses, as their testimony would have been irrelevant and redundant (*see Matter of Hyatt v Annucci,* 141 AD3d 977, 978 [2016]; *Matter of Blocker v Fischer,* 107 AD3d 1285, 1286 [2013]). Moreover, by acknowledging as evidence petitioner's representation that his depth perception was impaired during the incident, the Hearing Officer took that fact into consideration in assessing petitioner's credibility. Petitioner's remaining contentions are either unpreserved or lack merit.

Peters, P.J., Garry, Rose, Mulvey and Pritzker, JJ., concur. Ordered that the judgment is affirmed, without costs.