Matter of Goodwin v Annucci (2018 NY Slip Op 08598)





Matter of Goodwin v Annucci


2018 NY Slip Op 08598


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526345

[*1]In the Matter of PAUL GOODWIN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ.


Paul Goodwin, Attica, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Based upon confidential information regarding his possible use of unauthorized substances, petitioner was directed to submit to a urinalysis test that twice tested positive for the presence of K2 or synthetic marihuana. As a result, petitioner was charged in a misbehavior report with using or being under the influence of narcotics or a controlled substance (see 7 NYCRR 270.2 [B] [14] [xiv] [rule 113.24, drug use]). Following a tier III disciplinary hearing, he was found guilty as charged. That determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive drug test results, related documentation and the hearing testimony of the correction officers who ordered and conducted the tests provide substantial evidence to support the finding of guilt (see Matter of Shepherd v Annucci, 153 AD3d 1495, 1496 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]; Matter of Gainey v Annucci, 148 AD3d 1398, 1399 [2017]). Petitioner's claim that he did not receive adequate employee assistance in advance of the hearing is meritless, as he had declined an assistant in writing prior to the hearing. An assistant was assigned early on the first day of the hearing who, after meeting with petitioner, made a list of documents requested and action taken or to be taken. The Hearing Officer went through each request on the record, ascertained that certain documents had been provided to petitioner prior to the hearing, addressed his additional document requests and permitted him time to review the drug-testing manual. Thereafter, petitioner was provided with the remaining documents to which he was entitled, affording him an opportunity to review them, and received all mandated and several other testing documents, including the statement of the scientific principles for the testing apparatus and the calibration [*2]reports (see 7 NYCRR 1020.4 [f]; 1020.5). The Hearing Officer properly denied petitioner's request for additional documents not bearing on his testing or positive test results, which did not deprive him of due process (see Matter of Shepherd v Annucci, 153 AD3d at 1496-1497). The Hearing Officer called as a witness the testing officer, who addressed petitioner's questions regarding, among other things, the testing documents, the operation of the urinalysis machine and the specific chemical substance tested for, and also testified that proper testing procedures were followed. Thus, petitioner received all requested, relevant documents and was not prejudiced by any failure of his employee assistant to obtain documents (see Matter of Jones v Fischer, 139 AD3d 1219, 1220 [2016]).
Petitioner was not improperly denied the right to call witnesses. To that end, petitioner was permitted to testify to statements that he claimed to have overheard by the testing officer regarding his improper motives for testing petitioner, and to pose questions to that officer, who denied making the statements and clarified that a superior officer had ordered the test; that superior officer also testified, denying any improper motive and explaining that the test was ordered after information was received as part of an ongoing investigation. Accordingly, the Hearing Officer properly denied the request to call another inmate to testify to the same claimed statements by the testing officer, as his testimony would have been redundant (see 7 NYCRR 254.5 [a]; Matter of Medina v Rodriguez, 155 AD3d 1200, 1200-1201 [2017]). Likewise, petitioner's request to call the Deputy of Security was properly denied as he had not ordered the testing and had no relevant testimony to offer on this charge (see Matter of Sierra v Rodriguez, 158 AD3d 880, 881-882 [2018]). Further, there is nothing in the record to indicate that the Hearing Officer was biased against petitioner or that the determination flowed from any alleged bias (see Matter of Brown v Venettozzi, 164 AD3d 1583, 1584 [2018]). We have considered petitioner's remaining contentions and, to the extent that they are properly before us, find them to be unpersuasive.
Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.