Matter of Adger v Annucci (2019 NY Slip Op 02601)





Matter of Adger v Annucci


2019 NY Slip Op 02601


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527217

[*1]In the Matter of GERALD ADGER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ.


Gerald Adger, Pine City, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner's cell, a correction officer recovered a makeshift weapon made from a state-issued razor blade inserted between two toothbrushes that was hidden inside a talcum powder container. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination.[FN1]
Initially, petitioner contends that he was improperly denied the evidence control supervisor as a witness at the disciplinary hearing. Pursuant to Department of Corrections and Community Supervision Directive No. 4910A (II) (B), the evidence control supervisor is the individual in charge of ensuring compliance with the procedures for handling contraband maintained in the secure evidence locker. The record discloses that the Hearing Officer was under the impression that the watch commander acted as the evidence control officer with regard to the weapon that was confiscated from petitioner. However, the testimony of the correction officer who recovered the weapon and that of the correction sergeant who was with the officer when he logged the weapon into evidence control do not support this conclusion. Notably, the [*2]chain of custody set forth on the property form accompanying the contraband indicates that another officer placed the weapon in the secure evidence locker [FN2]. It cannot be discerned from the record if this individual was the evidence control supervisor. As the evidence control supervisor's testimony is potentially relevant to petitioner's claim that the procedures set forth in Directive No. 4910A were not followed, the appropriate remedy under these circumstances is to remit the matter for a new hearing (see Matter of Reyes v Annucci, 150 AD3d 1373, 1375 [2017], lv denied 29 NY3d 918 [2017]; Matter of Williams v Annucci, 137 AD3d 1355, 1356 [2016], lv denied 27 NY3d 908 [2016]). Petitioner's remaining contentions need not be addressed in light of our disposition.
Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although the verified petition does not raise the issue of substantial evidence and the proceeding was improperly transferred, we shall retain jurisdiction and address petitioner's claims in the interest of judicial economy (see Matter of Balkum v Annucci, 148 AD3d 1322, 1322 n [2017]).

Footnote 2: This officer's name also appears on the contraband/ evidence photograph card.