Matter of Bainton v New York Dept. of Motor Vehs. (2020 NY Slip Op 00027)





Matter of Bainton v New York Dept. of Motor Vehs.


2020 NY Slip Op 00027


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528805

[*1]In the Matter of John J. Bainton, Appellant,
v
New York Department of Motor Vehicles, Respondent.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


John J. Bainton, Norwalk, Connecticut, appellant pro se.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the Supreme Court (Nichols, J.), entered March 1, 2019 in Columbia County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner, a Connecticut resident, had his privilege to drive in New York revoked in 2012 after repeated alcohol-related driving violations in the state. In February 2018, after his request for a New York driver's license was denied by respondent's Driver Improvement Bureau (hereinafter the Bureau), petitioner submitted a "Request for Relicensing Reconsideration After Denial" to the Bureau, claiming "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [d]; see Matter of Curry v Commissioner of N.Y. State Dept. of Motor Vehs., 172 AD3d 1588, 1589 [2019]). By written notice dated March 15, 2018, the Bureau denied the request. The notice further advised that any appeal to respondent's Appeal Board (hereinafter the Board) had to be filed within 60 days, i.e., by May 14, 2018. Thereafter, petitioner sought to appeal this denial utilizing an "Administrative Appeal Form (AA-33A)," which petitioner signed and dated April 16, 2018. This form specified that the appeal should be sent to "DMV Appeals Board, P.O. Box 2935, Albany, New York 12220-0839." The transmittal envelope, which included a private postage meter date stamp of April 16, was addressed to to the "Appeals Processing Unit." The letter was returned to petitioner with a "Return to Sender Unable to Forward" postmark sticker dated May 17, 2018, and a handwritten notation, "Return to Sender. No one by that name at this address." By letter dated May 31, 2018, addressed to the Board, petitioner resubmitted the April 16, 2018 appeal packet advising that it had "inexplicably" been returned to him the day before. The Board received this letter on June 4, 2018 and, the next day, rejected the appeal as untimely. Petitioner commenced this CPLR article 78 proceeding seeking to restore his driving privileges. Finding that petitioner failed to exhaust his administrative remedies, Supreme Court dismissed the petition. Petitioner appeals.
We affirm. Pursuant to Vehicle and Traffic Law § 263, a party challenging a determination by the Bureau must first exhaust all administrative remedies before commencing a proceeding pursuant to CPLR article 78 (see Matter of Giambra v Commissioner of Motor Vehs. of State of N.Y., 46 NY2d 743, 745 [1978]). Petitioner was statutorily required to file his appeal within 60 days of the Bureau's written determination (see Vehicle and Traffic Law § 261 [2]; 15 NYCRR 155.2 [b]). Respondent's regulations specify that "[a]ll papers actually received at the office of the Board will be treated as timely if the mailing bears a legible postmark evidencing receipt by the post office within the required time. All mail received by the Board will be date-stamped and, in the absence of legible postmark or other U.S. postal record, will be treated according to the actual date of receipt demonstrated by the records of the Board" (15 NYCRR 155.4 [c]). For proof of mailing, respondent reasonably looks to the official U.S. postmark, and we have recognized that "a postage meter stamp is not the equivalent of a postmark date" (see Matter of Gallo v Turco, 131 AD3d 785, 786-787 [2015]). Given this standard, we agree with Supreme Court that the Board properly denied petitioner's appeal as untimely. The only valid postmark date on the April 2018 transmittal envelope is the May 17, 2018 "return to sender" postmark, which fell outside the time period to file. Nor does the handwriting on the envelope establish that the Board timely received the envelope, as respondent's regulations require all mail to be date-stamped upon receipt — not to be returned to sender. We also take note that the post office box number on the envelope is difficult to read, and reasonably would be interpreted as "2735" instead of the required "2935." Since petitioner failed to exhaust his administrative remedies by filing a timely administrative appeal, the petition was properly dismissed.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.