Matter of Mayeri v Commissioner of the N.Y. State Dept. of Motor Vehs. (2021 NY Slip Op 01300)





Matter of Mayeri v Commissioner of the N.Y. State Dept. of Motor Vehs.


2021 NY Slip Op 01300


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530786

[*1]In the Matter of Harold Mayeri, Appellant,
v
Commissioner of the New York State Department of Motor Vehicles, Respondent.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Harold Mayeri, Pawling, appellant pro se.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered December 16, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent's cross motion to dismiss the petition.
On July 20, 2018, petitioner was operating a 2003 Saturn sedan on Farm to Market Road in the Town of Southeast, Putnam County when he crossed over a double yellow line into oncoming traffic, hit another vehicle, hit a fence and then came to rest. Following an investigation, a sheriff's deputy prepared a police accident report indicating that the accident occurred after petitioner "apparently lost consciousness due to [a] seizure disorder." In August 2018, the Department of Motor Vehicles (hereinafter DMV) issued a notice of crash investigation and pending suspension, indicating that petitioner's driver's license would be suspended unless he provided medical evidence of his fitness to operate a motor vehicle. In response, petitioner submitted documentation from his physician indicating, among other things, that, pending additional examination and testing, petitioner's present condition "may affect [his] safe operation of a motor vehicle," and referred the matter to DMV for further evaluation. Following this referral, in October 2018, an examiner from DMV's medical review unit determined that petitioner's license must be suspended because, given his present medical condition, his "driving could pose an immediate hazard on the highway" (see Vehicle and Traffic Law § 510 [3]). Said notice also indicated that petitioner could seek reinstatement of his driving privileges on or after January 20, 2019; however, DMV subsequently issued a second notification, indicating that petitioner could seek reinstatement on or after February 3, 2019, upon proof that his condition was stabilized.
Petitioner requested review of the determination to suspend his driving privileges and, following a hearing, an Administrative Law Judge (hereinafter ALJ) affirmed the suspension, pending the submission of acceptable medical statements demonstrating that he no longer poses a danger while driving. Petitioner filed an administrative appeal and simultaneously requested a stay of the suspension of his driving privileges. Petitioner's application for a stay was denied, and he was notified that his appeal would not be reviewed until he paid the required deposit to obtain a transcript of the administrative hearing.
While petitioner's administrative appeal remained pending, petitioner commenced this CPLR article 78 proceeding, seeking reversal of the ALJ's determination suspending his driver's license. Although respondent had yet to file an answer, petitioner moved to strike any such answer as untimely. In reply, respondent cross-moved to dismiss the petition for lack of subject matter jurisdiction based upon petitioner's failure to exhaust his administrative remedies or, in the alternative, for an extension of time to answer. While said [*2]motions were pending, DMV's Appeal Board issued a decision on the administrative appeal, affirming the ALJ's determination upholding the suspension of petitioner's driving privileges. Supreme Court thereafter granted respondent's cross motion to dismiss the petition, finding that petitioner had failed to exhaust his administrative remedies prior to commencing a CPLR article 78 proceeding. Petitioner appeals, and we affirm.
Petitioner contends that Supreme Court erred when it denied his motion to strike respondent's answer as untimely, arguing that the court improperly granted respondent's request for a three-week adjournment for filing its answer. As relevant here, "[t]he grant or denial of a motion for an adjournment
. . . is a matter resting within the sound discretion of the trial court" (Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1200 [2017] [internal quotation marks and citation omitted]). Petitioner's assertion that he was not provided notice of respondent's purportedly ex parte adjournment request is belied by the record, as not only was he provided notice of said request but, in fact, submitted written opposition thereto. Consequently, inasmuch as respondent's request for an adjournment was made within the time frame provided for filing an answer (see CPLR 3012), we discern no abuse of discretion in Supreme Court's decision granting respondent an extension of time to file same (see Matter of Cannon v Travis, 269 AD2d 708, 708 [2000]). Accordingly, respondent's cross motion to dismiss the petition was timely and Supreme Court properly denied petitioner's motion to strike.
We find petitioner's contention that Supreme Court erred in dismissing the petition on the ground that he failed to exhaust his administrative remedies to be without merit. A party challenging a "determination of [respondent] or a member of the [DMV]" must exhaust all administrative remedies before commencing a CPLR article 78 proceeding (Vehicle and Traffic Law
§ 263; see Matter of Bainton v New York Dept. of Motor Vehs., 179 AD3d 1211, 1212 [2020]). At the time petitioner commenced this CPLR article 78 proceeding, his appeal of the administrative determination upholding the suspension of his driving privileges was still pending before the Appeals Board. Therefore, no final determination had been rendered with respect thereto such that Supreme Court appropriately determined that he had failed to exhaust his administrative remedies, precluding CPLR article 78 review (see Matter of Plummer v Klepak, 48 NY2d 486, 489 [1979], cert denied 445 US 952 [1980]; Matter of Boddie v New York State Div. of Parole, 293 AD2d 884, 884 [2002], appeal dismissed 98 NY2d 752 [2002]). The fact that the Appeals Board subsequently rendered a final determination after petitioner had already commenced this proceeding does not absolve petitioner of the requirement that he exhaust his administrative remedies prior to commencing a CPLR article 78 proceeding (see Matter of [*3]Sawyer v Travis, 14 AD3d 913, 913 [2005]; Matter of Boddie v New York State Div. of Parole, 293 AD2d at 884). Nor does the administrative denial of his request for a stay of his suspension serve as a basis for him to obtain judicial review in this proceeding of the underlying administrative determination when, as previously indicated, he failed to exhaust his administrative remedies (see Matter of Bainton v New York Dept. of Motor Vehs., 179 AD3d at 1212; Matter of Boddie v New York State Div. of Parole, 293 AD2d at 884).[FN1] Accordingly, based on the foregoing, we find that Supreme Court properly granted respondent's cross motion to dismiss the petition (see CPLR 7801 [1]).
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although petitioner may separately seek review of the denial of his request for a stay (see Vehicle and Traffic Law
§ 263), he did not seek any such relief in his verified petition.