**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John McPartland, Appellant,

v.

South Carolina Department of Motor Vehicles, Respondent.

Appellate Case No. 2018-001305

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-202
Heard April 5, 2021 – Filed June 9, 2021

———————

**REVERSED and REMANDED**

———————

Thomas Micah Leddy, of The Leddy Law Firm, of Columbia, for Appellant.

Brandy Anne Duncan, of Blythewood, for Respondent.

———————

**PER CURIAM:** John McPartland brought an action against the South Carolina Department of Motor Vehicles (SCDMV) to reinstate his South Carolina driver's license. The SCDMV suspended his license after a background check revealed New York State Department of Motor Vehicles (NYSDMV) had revoked

McPartland's driving privileges. He appeals the circuit court's determination that he failed to exhaust his administrative remedies in New York. We reverse and remand.

Because the revocation of McPartland's New York driving privileges was the basis upon which South Carolina suspended his license, McPartland petitioned the NYSDMV to reinstate his New York driving privileges. After reviewing McPartland's request, the Driver Improvement Bureau (the Bureau) of the NYSDMV declined to reinstate his New York driving privileges. McPartland followed the necessary administrative procedures and timely appealed the Bureau's denial to the NYSDMV Appeals Board (Appeals Board). The Appeals Board affirmed the Bureau's denial of McPartland's petition and informed McPartland: "This is a final administrative determination of the Department. Any further appeal of an adverse decision should be made to the New York State Supreme Court pursuant to [a]rticle 78 of the Civil Practice Law and Rules [CPLR]." McPartland did not initiate a judicial action in the New York courts to seek review of the NYSDMV's final administrative determination.

Because McPartland did exhaust his NYSDMV administrative remedies, our circuit court's conclusion—that McPartland failed to exhaust his administrative remedies in New York—was an abuse of discretion. Accordingly, we reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities: *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582-83 (1994) ("Whether administrative remedies must be exhausted is a matter within the [circuit court's] sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof."); *Tri-Cty. Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990) ("An abuse of discretion arises [when] the [circuit court] was controlled by an error of law or where [its] order is based on factual conclusions that are without evidentiary support."); *Acevedo v. N.Y. State Dep't of Motor Vehicles*, 77 N.E.3d 331, 338 (N.Y. 2017) ("As a general matter, once an offender's license has been revoked—permanently or otherwise—reissuance of a new license is subject to the discretion of the [NYSDMV]."); *Bainton v. N.Y. Dep't of Motor Vehicles*, 116 N.Y.S.3d 428, 429 (N.Y. App. Div. 2020) ("Pursuant to [New York] Vehicle and Traffic Law § 263, a party challenging a determination by the [Driver Improvement] Bureau must first exhaust all administrative remedies before commencing a proceeding pursuant to CPLR article 78."); *Mayeri v. Comm'r of New York State Dep't of Motor Vehicles*, 143 N.Y.S.3d 442, 443 (N.Y. App. Div. 2021) ("At the time petitioner commenced this CPLR article 78 proceeding, his appeal of the administrative determination upholding the suspension of his driving privileges was still pending

before the Appeals Board.  Therefore, no final determination had been rendered with respect thereto such that Supreme Court appropriately determined that he had failed to exhaust his administrative remedies, precluding CPLR article 78 review.").

**REVERSED AND REMANDED.**

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**