Matter of Johnson v Annucci (2022 NY Slip Op 03160)

Matter of Johnson v Annucci

2022 NY Slip Op 03160

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

532945
[*1]In the Matter of Lamonte Johnson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:April 15, 2022

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Lamonte Johnson, New York City, appellant pro se.
Letitia James, Attorney General, Albany (Kevin Hu of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Collins, J.), entered January 22, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, assaulting staff, smuggling, refusing a direct order and violating facility visiting procedures. The charges stemmed from an incident that occurred when petitioner, who was attending a graduation ceremony at the facility where he then was incarcerated, underwent a pat frisk while standing in line to use the bathroom. Following a tier III disciplinary hearing, petitioner was found guilty of engaging in violent conduct, creating a disturbance, assaulting staff and refusing a direct order and not guilty of the remaining charges, and a penalty was imposed. Upon administrative review, the penalty was modified but the determination otherwise was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination, raising only procedural objections. Following service of respondent's answer, Supreme Court dismissed the petition, prompting this appeal.
We affirm. Petitioner, as so limited by his brief, initially contends that he was denied the right to call certain witnesses at the hearing — specifically, the facility superintendent, the deputy superintendent and respondent, as well as the former Commissioner of Corrections and Community Supervision and a facility nurse or doctor. "At a disciplinary hearing, an [incarcerated individual] has the conditional right to call witnesses so long as their testimony is material and not redundant and does not jeopardize institutional safety or correctional goals" (Matter of Medina v Rodriguez, 155 AD3d 1200, 1200 [2017] [internal quotation marks and citations omitted]; see Matter of Reyes v Keyser, 150 AD3d 1502, 1503 [2017]).
Although the facility superintendent, the deputy superintendent and respondent attended the graduation ceremony, a correction officer testified that he believed that these individuals left prior to the incident, and other documentary evidence reflects that they were not in the area at the time of the incident. As such persons had no firsthand knowledge of the underlying event, their testimony was properly denied (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]; Matter of Covington v Annucci, 160 AD3d 1333, 1334 [2018], lv denied 32 NY3d 903 [2018]; Matter of Medina v Rodriguez, 155 AD3d at 1200-1201). With respect to the former Commissioner of Corrections and Community Supervision, to the extent that petitioner did not waive his objection in this regard, we similarly conclude that such testimony was properly denied as irrelevant. As to the requested medical witnesses, although there is no dispute that correction officers [*2]utilized various holds to subdue petitioner, nothing in petitioner's medical records indicates that he was choked to the point of unconsciousness; indeed, the only injury noted was a reddened area on petitioner's right wrist. Absent such evidence, we agree that any testimony offered by petitioner's requested medical witnesses — who were not present for the incident — would have been irrelevant (see e.g. Matter of Santiago v Capra, 170 AD3d 1180, 1181-1182 [2019], lv denied 33 NY3d 912 [2019]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]).
Nor are we persuaded that petitioner was denied adequate employee assistance, "as the record establishes that any alleged deficiencies were remedied by the Hearing Officer without any prejudice to petitioner" (Matter of Zielinski v Venettozzi, 177 AD3d 1047, 1048 [2019], affd 35 NY3d 1082 [2020]; accord Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019]; see Matter of Gulifield v Annucci, 164 AD3d 1001, 1003 [2018]). Petitioner's remaining arguments in this regard, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.