Matter of Barnes v Annucci (2022 NY Slip Op 07115)

Matter of Barnes v Annucci

2022 NY Slip Op 07115

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534573
[*1]In the Matter of Alfred Barnes, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Alfred Barnes, Ogdensburg, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Michael R. Cuevas, J.), entered November 29, 2021 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.
Following his conviction of attempted criminal possession of a weapon in the second degree, petitioner was sentenced as a second violent felony offender to a prison term of six years followed by five years of postrelease supervision. After application of petitioner's jail time credit, his maximum expiration date was set at December 16, 2024 and his conditional release date was determined to be February 4, 2024. In the event that petitioner successfully earned a limited credit time allowance (see Correction Law § 803-b [1] [b] [ii]), he could become eligible for conditional release six months earlier, i.e., on August 4, 2023.
At some point in early 2021, petitioner apparently inquired regarding his eligibility for participation in a temporary release program (see Correction Law § 851 [2], [9]) and, more specifically, the effect of the limited credit time allowance upon his eligibility date. After receiving an unsatisfactory response to his inquiry, petitioner filed a grievance,[FN1] wherein he apparently contended that he should be deemed eligible for participation in a temporary release program as of August 3, 2021, i.e., within two years of his conditional release date as determined by application of the limited credit time allowance. Respondent Superintendent of Ogdensburg Correctional Facility denied petitioner's grievance, and that determination was upheld by the Central Office Review Committee.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to challenge the denial of his grievance. Respondents answered, and Supreme Court dismissed petitioner's application, finding that respondents' interpretation of the relevant statutes and regulations was rational and, therefore, petitioner's grievance was properly denied. This appeal by petitioner ensued.
Respondents have advised this Court that, during the pendency of this appeal, petitioner became eligible for temporary release, and his subsequent application for temporary release (as well as his application for industrial training leave) was denied based upon, among other things, his risk to the community. Accordingly, the instant appeal challenging the computation of petitioner's eligibility date is moot, "as petitioner is no longer aggrieved by the administrative action that was the subject of his grievance[]" (Matter of Cardew v Annucci, 134 AD3d 1437, 1437 [4th Dept 2015] [internal quotation marks and citation omitted]; see Matter of Campbell v Fischer, 105 AD3d 1222, 1222 [3d Dept 2013], lv denied 22 NY3d 853 [2013]). Petitioner does not argue, and we do not find, that this matter falls within the exception to the mootness doctrine (see Matter of Rizzuto v Annucci, 204 AD3d [*2]1275, 1276 [3d Dept 2022]; Matter of Kagan v New York State Dept. of Corr. & Community Supervision, 117 AD3d 1215, 1216 [3d Dept 2014]). To the extent that the petition may be read as seeking declaratory relief, such request is also moot because petitioner's rights would not be affected by any such declaration (see Matter of Kagan v New York State Dept. of Corr. & Community Supervision, 117 AD3d at 1215-1216).
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: A copy of the grievance is not contained in the record on appeal.