Matter of Wingate v Martuscello (2025 NY Slip Op 07048)

Matter of Wingate v Martuscello

2025 NY Slip Op 07048

Decided on December 18, 2025

Appellate Division, Third Department

Powers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-23-2369

[*1]In the Matter of Shakur Wingate, Petitioner,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 9, 2025

Before: Garry, P.J., Clark, Aarons, Lynch and Powers, JJ.

Rickner PLLC, New York City (Stephanie Panousieris of counsel), for petitioner.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Powers, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Upon being directed to perform a cube frisk, a correction officer discovered a ceramic-type object with a sharpened point located in petitioner's secured locker. As a result, petitioner was charged in a misbehavior report with possession of a weapon. A tier III disciplinary hearing ensued, during which petitioner was represented by counsel, and petitioner was found guilty of the charge. On account of that determination, the Hearing Officer concluded that counsel's presence was "no longer necessary" during the dispositional phase, denied counsel's further appearance and imposed a penalty of, among other things, 250 days in the segregated housing unit and a loss of good time credit. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the underlying determination.
Initially, the misbehavior report, in conjunction with the hearing testimony of the correction officer who found the weapon and the photographic evidence submitted for in camera review, provide substantial evidence to support the determination of guilt (see Matter of Matthews v Annucci, 175 AD3d 1713, 1713 [3d Dept 2019]; Matter of Nova v Kirkpatrick, 160 AD3d 1326, 1326 [3d Dept 2018]), and we reject petitioner's assertion that the sharpened ceramic blade was not a weapon. The Hearing Officer found, based upon the evidence presented, that the ceramic blade was capable of causing serious physical injury, and "any item . . . may be classified as a weapon or dangerous instrument by description, use or appearance[, and a] dangerous instrument is any instrument . . . [that] is readily capable of causing bodily harm" (7 NYCRR 270.2 [b] [14] [i]; see Matter of Tinnirello v Selsky, 51 AD3d 1238, 1239 [3d Dept 2008]; Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d 879, 879 [3d Dept 2003]).
Turning to petitioner's procedural arguments, although petitioner was not present for the search of his cell, "cell searches may properly be conducted in an [incarcerated individual's] absence," and there is no evidence here that petitioner was excluded rather than just in a different location at the time (Matter of Mingo v Chappius, 106 AD3d 1160, 1161 [3d Dept 2013]; cf. Matter of Kirby v Annucci, 147 AD3d 1134, 1135 [3d Dept 2017]). Petitioner's assertion that he was improperly denied the opportunity to present certain witness testimony is similarly without merit. The proffered testimony would not have been material to the underlying charge as these witnesses were not present during the search in question and had no first-hand knowledge thereof (see 7 NYCRR 254.5 [a]; Matter of Johnson v Annucci, 205 AD3d 1173, 1174 [3d Dept 2022]; Matter of Medina v Rodriguez, 155 AD3d 1200, 1200 [*2][3d Dept 2017]). Likewise, an incarcerated individual, either individually or through representation, "may not ask a particular witness any question that he or she desires; rather, it is for the Hearing Officer — in his or her quasi-judicial role — to ascertain whether the questions posed will elicit material and relevant testimony and, correspondingly, to curtail testimony that is immaterial, irrelevant and/or redundant" (Diaz v State of New York, 155 AD3d 1279, 1281 [3d Dept 2017], lv dismissed & denied 30 NY3d 1101 [2018]). With respect to petitioner's challenge to the failure to provide certain documentary evidence, the Hearing Officer read the preliminary unusual incident report into the record at the hearing (see Matter of Alsima v Bondarenka, 238 AD3d 1421, 1422 [3d Dept 2025]; Matter of Pitts v Jordan, 230 AD3d 1457, 1459 [3d Dept 2024]) and, even if the Hearing Officer improperly denied the request for the photographs of the weapon, petitioner was not prejudiced thereby as the photographs were likewise described on the record (see Matter of Gallo v Annucci, 164 AD3d 1560, 1561 [3d Dept 2018]; Matter of Rolon v Goord, 30 AD3d 946, 947 [3d Dept 2006]; Matter of Bunting v Goord, 25 AD3d 845, 846 [3d Dept 2006]). Moreover, so far as petitioner requested these photographs to advance the argument that this object was too small to constitute a weapon, this argument was made during the hearing and it was within the province of the Hearing Officer, who did view the photographs in question, to reject such argument (see Matter of Bunting v Goord, 25 AD3d at 846).
We, nevertheless, find merit to petitioner's assertion that the Hearing Officer improperly denied his counsel's request to be present during the dispositional phase of the disciplinary hearing. The Humane Alternatives to Long-Term Solitary Confinement Act (hereinafter the HALT Act) (L 2021, ch 93) "imposes specific limits regarding the placement of incarcerated individuals in segregated and other forms of confinement" (Matter of Peterkin v New York State Dept. of Corr. & Community Supervision, 242 AD3d 26, 29 [3d Dept 2025]). As is relevant here, prior to the passage of the HALT Act, an incarcerated individual "d[id] not have a right to counsel at [a disciplinary] hearing" (Matter of Brown v Prack, 147 AD3d 1295, 1296 [4th Dept 2017]; see Matter of Laureano v Kuhlmann, 75 NY2d 141, 146 [1990]). Now, following the passage of the HALT Act, Correction Law § 137 provides that an incarcerated individual "shall be permitted to be represented" during a disciplinary hearing that may result in placement in segregated confinement "by any attorney or law student, or" with certain limitations, "any paralegal or incarcerated person" (Correction Law § 137 [6] [l]). The pertinent regulations have since also been amended to specify that "[w]here an incarcerated individual is placed in, or pending possible placement in, segregated confinement pending a disciplinary hearing or superintendent's hearing, such [*3]incarcerated individual shall be permitted to be represented by," as is relevant here, "an attorney, having good standing, admitted to practice in any state" (7 NYCRR 251-5.2 [a] [1]).
Therefore, pursuant to both statute and regulation, if an incarcerated individual so chooses, he or she is entitled to have representation present during a disciplinary hearing when the permissible sanctions include the imposition of segregated confinement.[FN1] Contrary to the Hearing Officer's determination, the dispositional phase is an integral aspect of the disciplinary hearing and the statutory and regulatory right to representation at issue here extends to that phase of the hearing. The Legislature plainly intended representation to be available to incarcerated individuals when faced with the imposition of segregated confinement and we must give effect to that intent (see Riley v County of Broome, 95 NY2d 455, 463 [2000]; Matter of Markey v Tietz, ___ AD3d ___, ___, 241 NYS3d 536, 543 [3d Dept 2025]). The deprivation of that right at the stage of the proceeding where such confinement could be imposed, and at the time the incarcerated individual's chosen representative would have the opportunity to argue that the imposed sanction is unlawful pursuant to the HALT Act — as it was here — runs counter to that purpose.
That leads us to the question of what the remedy is for this violation — remittal for a new hearing or expungement of petitioner's institutional record. "Expungement is required only when (1) the challenged disciplinary determination is not supported by substantial evidence; (2) there has been a violation of one of the [incarcerated individual's] fundamental due process rights, as enunciated in Wolff v McDonnell (418 US 539 [1974]); or (3) other equitable considerations dictate expungement of the record rather than remittal for a new hearing" (Matter of Hillard v Coughlin, 187 AD2d 136, 140 [3d Dept 1993] [citations omitted], lv denied 82 NY2d 651 [1993]; accord Matter of Barnes v Fischer, 108 AD3d 990, 990-991 [3d Dept 2013], lv denied 22 NY3d 855 [2013]; see Matter of Proctor v Annucci, 205 AD3d 1253, 1255 [3d Dept 2022]). As stated above, substantial evidence supports the disciplinary determination here. And, because incarcerated individuals "at disciplinary proceedings are not entitled to the full panoply of rights due a criminal defendant or administrative law rules designed for free citizens," the right to counsel during a prison disciplinary hearing has not been seen as a due process right (Matter of Hillard v Coughlin, 187 AD2d at 139; see Wolff v McDonnell, 418 US at 570; Matter of Laureano v Kuhlmann, 75 NY2d at 146; see also Matter of Texeira v Fischer, 26 NY3d 230, 233 [2015]). Thus, we do not see the interplay between Correction Law § 137 (6) (l), 7 NYCRR 251-5.2 and the US Constitution as mandating expungement (see Matter of Texeira v Fischer, 26 NY3d at 235). However, considering that petitioner has already served the penalty of 250 days [*4]of confinement in the special housing unit and that over 2½ years has passed since the initial search that resulted in the discovery of the weapon at issue, we are of the view that the equitable remedy of expungement is warranted here (see Matter of Gonzalez v Annucci, 171 AD3d 1265, 1266 [3d Dept 2019]; Matter of Vidal v Annucci, 149 AD3d 1366, 1368-1369 [3d Dept 2017], lv denied 30 NY3d 906 [2017]; Matter of Balkum v Annucci, 148 AD3d 1322, 1323 [3d Dept 2017]; compare Matter of Hamlett v Kelley, 133 AD3d 992, 993 [3d Dept 2015]).[FN2]
The expungement of the determination finding petitioner guilty of violating a prison disciplinary rule would ordinarily render petitioner's challenge to the severity of the penalty imposed academic (see Matter of Moorer v Annucci, 230 AD3d 1454, 1456 [3d Dept 2024], lv dismissed & denied 42 NY3d 1093 [2025]). Petitioner, however, does not request that this Court remit for the imposition of an appropriate penalty. Instead, he requests that this Court issue declaratory judgment in his favor that the duration of the penalty imposed was violative of the HALT Act. To the extent such request has not been rendered moot by our determination (see generally Matter of Barnes v Annucci, 211 AD3d 1277, 1278-1279 [3d Dept 2022]), declaratory relief is not authorized in a transferred proceeding pursuant to CPLR 7804 (g) (see Matter of Nitti v County of Tioga, 149 AD3d 1332, 1333 [3d Dept 2017]). Therefore, under normal circumstances, remittal to Supreme Court for further proceedings and for the entry of an appropriate judgment would be required (see Matter of Ellison v Annucci, 142 AD3d 1233, 1234-1235 [3d Dept 2016]; Matter of Watson v New York State Dept. of Corr. & Community Supervision, 108 AD3d 817, 818 [3d Dept 2013], lv dismissed 22 NY3d 914 [2013], lv denied 23 NY3d 902 [2014]). Petitioner, however, improperly requested declaratory relief for the first time in opposition to respondent's motion to transfer the proceeding to this Court. As such, remittal is not required because the relief petitioner now seeks was not requested in the petition (cf. Matter of Reid v Venettozzi, 224 AD3d 1037, 1038 n 1 [3d Dept 2024]; Matter of Mayeri v Commissioner of the N.Y. State Dept. of Motor Vehs., 192 AD3d 1223, 1226 n [3d Dept 2021], lv denied 37 NY3d 908 [2021]; Matter of Frye v Commissioner of the Dept. of Corr. & Community Supervision, 175 AD3d 1690, 1690 [3d Dept 2019]).
Garry, P.J., Clark, Aarons and Lynch, JJ., concur.Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.

Footnotes

Footnote 1: "Segregated confinement" is "the confinement of an incarcerated individual in any form of cell confinement for more than [17] hours a day" (Correction Law § 2 [23]).

Footnote 2: Petitioner had been released to parole supervision, which would otherwise render remittal for a rehearing not feasible (see Matter of Pierre v Annucci, 226 AD3d 1272, 1273 [3d Dept 2024]; cf. Matter of Deboue v Fischer, 108 AD3d 818, 819 [3d Dept 2013]). In any event, he was subsequently reincarcerated during the pendency of this appeal (see Dept of Corrections and Community Supervision Incarcerated Lookup, http://nysdoccslookup.doccs.ny.gov [last accessed Dec. 12, 2025]). Therefore, though a rehearing may be possible, it remains impractical.